UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                                                       :

LUIS MERCEDES, *on behalf of himself and all others*    :
*similarly situated*,                                                    :
                                                                               :
                         Plaintiff,             :         23-CV-9519 (JMF)
                                                                               :
                -v-                                :   MEMORANDUM OPINION
                                                                               :           AND ORDER
BROADWAY PLAY PUBLISHING, INC.,                       :
                                                                               :
                        Defendant.          :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       This case is one of at least fifty lawsuits that Plaintiff Luis Mercedes, who is visually impaired, filed between July 2023 and January 2024. In every one of these cases, Mercedes has alleged that he was denied equal access to a website in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.*, as well as state and local law. The target of this lawsuit is Broadway Play Publishing, Inc. ("BPPI"), a highly specialized publisher and licensor of theater scripts. *See* ECF No. 1 ("Compl."), ¶ 41; *see also* ECF No. 10 ("Fellmeth Decl."), ¶¶ 3-6. Mercedes alleges that, on two dates in October 2023 (the latter less than two weeks before filing this case), he tried without success to purchase from the BPPI website (the "Website") a script called *Hit the Wall* for his nephew, who "enjoys reading contemporary literature." Compl. ¶ 22; *see also id.* ¶¶ 39, 42. Mercedes claims that he "intends to attempt to access the Website in the future to purchase products and services the Website offers, and more specifically the *Hit the Wall* book, if remedied." *Id.* ¶ 29; *accord id.* ¶ 46. BPPI now moves, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss on the ground that Mercedes lacks standing, both generally and to seek injunctive relief specifically. *See* ECF No.

11 ("Def.'s Mem."). In the alternative, BPPI requests discovery on the issue of Mercedes's standing and, if necessary, an evidentiary hearing. *See id.* at 23-24.

Upon review of the parties' motion papers, BPPI's motion is granted to the extent that it seeks jurisdictional discovery and an evidentiary hearing. In particular, for many of the reasons ably articulated by BPPI in its briefs, *see* Def.'s Mem. 14-22; ECF No. 15, at 4-9, the Court has grave doubts that Mercedes's "professed intent to return to the [Website is] genuine," *Harty v. Simon Prop. Grp., L.P.*, 428 F. App'x 69, 72 (2d Cir. 2011) (summary order), which it would have to be for him to have standing to bring his claims under the ADA, *see, e.g.*, *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 72 (2d Cir. 2022); *Maddy v. Life Time, Inc.*, No. 22-CV-5007 (LJL), 2023 WL 4364488, at *3 (S.D.N.Y. July 5, 2023). These reasons include the fact that Mercedes had apparently visited the Website only twice, shortly before filing this lawsuit; the fact that BPPI is a specialty publisher that caters to the theater industry, an industry to which Mercedes and his nephew have no apparent connection; the inherent dubiousness of Mercedes's claim that he wanted to purchase the *Hit the Wall* script because his nephew "enjoys reading contemporary literature"; the fact that the *Hit the Wall* script that Mercedes attempted to buy was an "acting edition," which is generally purchased in bulk for the actors, director, designers, and producers involved in putting on the play; the fact that the script was available, and at a cheaper price no less, from other, more prominent vendors; and the cut-and-paste nature of Mercedes's Complaint.[1] *See* Fellmeth Decl. ¶¶ 6, 8, 9, 11; *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167,

---

[1]    To be clear, the mere fact that a product is available on another website cannot, without more, defeat a plaintiff's standing to bring a claim under the ADA against a website. Were it otherwise, website operators would effectively be immune from suit under the ADA as long as they could point to another website offering the same product that was ADA-compliant — a perverse result. But the fact that a product is available elsewhere, especially if it is more readily available or cheaper elsewhere, is certainly relevant to the intent-to-return analysis.

170 (2d Cir. 2008) ("In resolving a motion to dismiss for lack of jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings."), *aff'd*, 561 U.S. 247 (2010). Given these "significant reasons to question whether Plaintiff does, in fact, have a plausible intention" to revisit the Website, "discovery and fact finding (including findings as to [the plaintiff's] credibility" are appropriate. *Laufer v. Laxmi & Sons, LLC*, No. 19-CV-1501 (BKS), 2021 WL 1970264, at *5-6 (N.D.N.Y. Apr. 1, 2021); *accord Maddy*, 2023 WL 4364488, at *8-9; *Tavarez v. Moo Organic Chocolates, LLC*, 623 F. Supp. 3d 365, 370 (S.D.N.Y. 2022).

Accordingly, the Court will conduct an **in-person** evidentiary hearing limited to the question of whether Mercedes has standing on **July 17, 2024**, at **9:30 a.m.**[2] Further, BPPI is granted leave to take discovery on the issue of standing, including but not limited to a deposition of Mercedes and, if requested, a forensic examination of his computer. To be clear, discovery, and the evidentiary hearing, need not be limited to whether Mercedes has an intent to return to the Website; BPPI may also take discovery with respect to whether Mercedes suffered prior injury. The deadline to complete all of this discovery is **June 28, 2024**. The parties shall promptly confer on the scope and timing of such discovery (subject to that deadline), including interim discovery deadlines, and shall submit a joint letter to the Court, no later than **May 31, 2024**, indicating whether they have reached agreement on the scope and timing of such discovery or, if not, the matters in dispute. No later than **July 9, 2024**, the parties shall file a proposed Joint Pre-Hearing Order including, as appropriate, all of the information relevant to the hearing

---

[2]   **This hearing date should be treated as a firm date.** (Counsel should immediately confirm the hearing date with any and all likely witnesses and advise the Court if the date is a problem. If counsel fails to bring any such conflict to the Court's attention within the next three days, no adjournments will be granted on that basis.) The parties are advised that the hearing date will not be adjourned on account of a settlement in principle; put differently, unless the parties (1) file a stipulation of dismissal or settlement or (2) appear in person to put the material terms of a settlement on the record, the parties should be prepared to go to trial as scheduled.

3

referenced in the Court's Individual Rules and Practices in Civil Cases (available at

https://nysd.uscourts.gov/hon-jesse-m-furman) with respect to Joint Pretrial Orders (except that the Court will hear the direct testimony of any and all witnesses live, not by declaration). Finally, the parties shall appear for an **in-person** final pre-hearing conference on **July 16, 2024**, at **10:30 a.m.**

The Clerk of Court is directed to terminate ECF No. 8.

SO ORDERED.

Dated: May 28, 2024
      New York, New York

_____
JESSE M. FURMAN
United States District Judge